**UNITED STATES  DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

ZANNIE NEAL                                                                 CIVIL ACTION

VERSUS                                                                        NO.  06-8714

N. BURL CAIN, WARDEN LOUISIANA                         SECTION "A"(4)
STATE PENITENTIARY

<u>**ORDER AND REASONS**</u>

The petitioner, Zannie Neal, filed a **Request for Extension of Time to File Amended Habeas Petition (Rec. Doc. No. 26)** seeking "additional time to file an amended habeas petition and substitute the news [sic] judgments issued by the state court."  To assess the propriety of the motion seeking to amend his five-year old petition, the undersigned ordered Neal to file a written memorandum indicating and explaining what he intends to amend into his federal petition for habeas relief.  Rec. Doc. No. 28.  In response to that Order, Neal defiantly filed a second motion (docketed by the clerk of court as a response to the prior order) seeking leave to amend without providing any indication or explanation of the proposed amendment.  Rec. Doc. No. 29.  Instead, Neal merely indicates that he "has 'material' evidence refuting the state court's position, thus conclusively demonstrating his entitlement to relief."   His motion is denied for several reasons under the standards set forth below.

Rule 11 of the Rules Governing Section 2254 Cases, permits application of the Federal Rules of Civil Procedure in habeas cases "to the extent that [the civil rules] are not inconsistent with any

statutory provisions or [the habeas] rules." *Mayle v. Felix*, 545 U.S. 644, 654 (2005) (quoting Fed. R. Civ. P. 11); *see also* Fed. Rule Civ. P. 81(a)(2) (The civil rules "are applicable to proceedings for . . . habeas corpus.")  In addition, 28 U.S.C. § 2242 specifically provides that habeas applications "may be amended . . . as provided in the rules of procedure applicable to civil actions."  Therefore, the Court can utilize the parameters of Fed. R. Civ. P. 15 when considering motions to amend a habeas petition.  *Mayle*, 545 U.S. at 655.

Fed. R. Civ. P. 15 declares that leave to amend "shall be freely given when justice so requires."  However, leave to amend is by no means automatic.  *Addington v. Farmer's Elevator Mut. Ins. Co.,* 650 F.2d 663, 666 (5th Cir. 1981).  The decision to grant or deny a motion for leave to amend lies within the sound discretion of the Trial Court.  *Id.*  In this case, justice does not require that leave be granted and in fact dictates that this motion be denied for the following reasons.

In spite of the Court's order, Neal has failed to indicate to the Court what claims and/or arguments he intends to amend into his petition.  He has been given ample opportunity and has failed to do so.  His reference to "'material' evidence" in his response says nothing about what he intends to amend in or argue in connection with the claims raised in his initial petition.

Furthermore, the United States Supreme Court has held that the federal courts' review under 28 U.S.C. § 2254 is limited to the record that was before the state court that adjudicated the claims.  *Cullen v. Pinholster*, 131 S.Ct. 1388, 1398 (2011).  The record for this Court to review is limited to the record as it existed before the state courts.  *Id*.  Therefore, it would be inappropriate to allow Neal to present new exhibits or "'material' evidence" that were not already considered by the state courts.  The pleadings as they existed are already before the Court.

In addition, the stay granted in this case allowed Neal to complete review of the claims raised in his prior state post-conviction writ application to the Louisiana Fifth Circuit under the holding in *State v. Cordero*, 993 So.2d 203 (La. 2008), and nothing more.  Contrary to Neal's overreaching comments, there was never any reversal or overruling of the prior rulings because of *Cordero*.  In *Cordero*, the Louisiana Supreme Court addressed allegations of procedural improprieties in the processing, and summary dismissals without judicial review of, *pro se* post-conviction writ applications filed in the Louisiana Fifth Circuit between February 8, 1994 and May 21, 2007.  In an effort to remedy any possible concerns, the Court recognized that the Louisiana Fifth Circuit Court of Appeal had already unanimously adopted an *en banc* resolution in which it asked the Louisiana Supreme Court to consider remanding for reconsideration the impacted *pro se* post-conviction writ applications with direction that they be assigned to random three-judge panels.  *Cordero*, 993 So.2d at 206.  The Louisiana Supreme Court adopted the court of appeal's resolution.  *Cordero*, 993 So.2d at 205.  The court thereby directed that *pro se* writ applications considered within that date range be transferred to the Louisiana Fifth Circuit for reconsideration.  That reconsideration necessarily was limited to what had been presented in the prior *pro se* writ application.  Neal has received this reconsideration and the outcome was the same; no relief was granted.

Following *Cordero* review, Neal would only now be able to present the claims presented to the state courts, all of which already are before this Court.  An amendment to present the same repetitive arguments and claims is unnecessary.

Furthermore, any new claims or arguments would also be subject to a review for exhaustion and timeliness under the AEDPA standards, and would not relate back to the original complaint filed in 2006.  The United States Supreme Court has held that a request to amend a habeas petition, which

seeks to add discrete claims unrelated to those raised in the original petition, and which is filed after

expiration of the AEDPA's limitations period, does not relate back to the original petition under Fed.

R. Civ. P. 15(c). *Mayle*, 545 S. Ct. at 662-63. Accordingly,

**IT IS ORDERED** that Neal's **Request for Extension of Time to File Amended Habeas Petition (Rec. Doc. No. 26)** is **DENIED**.

New Orleans, Louisiana, this 28th day of November, 2011.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**